UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RONALD ST. CYRE, | * | CIVIL ACTION |
|     PETITIONER | * | |
| | * | NO. 24-cv-1281 |
| VERSUS | * | |
| | * | SECTION "P" (3) |
| MARCUS MYERS, WARDEN, | * | |
|     RESPONDENT | * | |

**RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF**

OVERVIEW

    Ronald St. Cyre is a state prisoner incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. He is serving a thirty-year sentence as a result of his conviction for illegal possession of a firearm by a convicted felon (La. R.S. 14:95.1) and his subsequent adjudication as a habitual felony offender (La. R.S. 15:529.1). St. Cyre has petitioned this Court for a writ of habeas corpus, contending his incarceration is in violation of his rights under the United States Constitution.

    Because St. Cyre's petition is untimely, the Court should dismiss the petition with prejudice and otherwise deny relief.

**TABLE OF CONTENTS**

OVERVIEW....................................................................................................................1

PRELIMINARY MATTERS........................................................................................3

TIMELINESS.................................................................................................................6

    1.    The one-year period of limitations commenced on August 24, 2020............................................................................................6

    2.    The one-year period of limitations was tolled from August 20, 2021 until May 7, 2024...........................................................7

    3.    The one-year period of limitations expired on May 13, 2024..................7

    4.    The habeas corpus petition was filed May 16, 2024.................................8

    5.    The petitioner shows no basis for excusing his non-compliance with the period of limitations.................................................................8

RESERVATION OF RIGHTS......................................................................................9

CONCLUSION AND PRAYER....................................................................................9

CERTIFICATE OF SERVICE..................................................................................10

## PRELIMINARY MATTERS

**1. Custody.**

The respondent does not dispute that the petitioner is in custody.

**2. The state court record.**

The respondent has filed, along with this Response, the complete state court record which is described in the separately filed *Notice of Lodging of State Court Record Materials*.

**3. The facts of the case.**

The details of the petitioner's offense are not pertinent to the resolution of his claims.

**4. The petitioner's claims.**

The petitioner raises six claims in his habeas corpus petition, as follows:

(1) Denial of motion to suppress physical evidence;

(2) Denial of motion to suppress statement;

(3) Ineffective assistance of counsel at trial;

(4) Ineffective assistance of counsel at sentencing;

(5) Due Process violation based upon a "violation of Louisiana law" concerning the habitual offender adjudication proceeding; and

(6) Cumulative error.

Rec. Doc. 11, pg. 2.

**5.     Proceedings in the state courts (timeline).**

    **A.     Proceedings leading to conviction and sentence.**

| | | |
|---|---|---|
| Feb. 5, 2018. | The petitioner is charged by bill of information with one count possession of a firearm by a person convicted of a felony (La. R.S. 14:95.1). | SCR, Vol. 1, pg. 43. |
| July 17-19, 2018 | The petitioner is tried; a jury finds him guilty as charged. | SCR, Vol. 1, pp. 28-35 |
| August 1, 2018. | The district attorney files a habitual offender bill of information, alleging petitioner to be a fifth felony offender. | SCR, Vol. 1, pg. 191. |
| Sept. 21, 2018 | The petitioner is adjudicated a second felony offender and sentenced to thirty years at hard labor. | SCR, Vol. 1, pg. 39. |

    **B.     Direct review proceedings.**

| | | |
|---|---|---|
| Feb. 5, 2018. | Petitioner timely moves for appeal. | SCR, Vol. 1, pp. 218-222. |
| Dec. 19, 2019 | The Louisiana First Circuit Court of Appeal affirms petitioner's conviction, habitual offender adjudication, and sentence. *State v. St. Cyre*, 19-0034 (La. App. 1 Cir. 12/19/19), 292 So.3d 88. | SCR, Vol. 6, pp. 10-45 |
| January 21, 2020 | Petitioner timely* seeks supervisory review of the decision affirming his conviction, habitual offender adjudication, and sentence. | SCR, Vol. 5, pp. 3-34. |
| May 26, 2020 | The Louisiana Supreme Court denies the defendant's writ application. *State v. St. Cyre*, 20-0142 (La. 5/26/20), 296 So.3d 1063. | SCR, Vol. 5, pg. 1. |

The petitioner did not seek a writ of certiorari from the U.S. Supreme Court.

---

\*   The thirtieth day after the First Circuit's decision was January 18, 2020. However, that day was a legal holiday (Saturday). So were January 19, 2020 (Sunday) and January 20, 2020 (Martin Luther King Jr. Day). The writ application was timely filed because it was filed on the next day after January 18, 2020 that was not a legal holiday. See La. C.Cr.P. art. 13.

### C.    Collateral review proceedings.

| | | |
|---|---|---|
| August 20, 2021 | The petitioner files a counseled "initial" application for post-conviction relief along with a motion seeking permission to supplement the application at a later date. | SCR, Vol. 6, pp. 46-62. |
| March 7, 2023 | The petitioner timely files a "Supplemental Application for Post-Conviction Relief."* | SCR, Vol. 6, pp. 83-111 & 112-892. |
| March 28, 2023; April 4, 2023; May 18, 2023 | The petitioner submits more exhibits at the request of the district court. | SCR, Vol. 6, pp. 893-894, 895-904, 905-906, 907-924, 925-1139. |
| June 26, 2023 | The state district court denies the application for post-conviction relief with written reasons. | SCR, Vol. 6, pp. 1140-1152. |
| Sept. 26, 2023 | The petitioner timely applies to the Louisiana First Circuit Court of Appeal for review of the ruling denying post-conviction relief.** | SCR, Vol. 7, pp. 4-21. |
| Nov. 22, 2023 | The Louisiana First Circuit Court of Appeal declines to exercise its supervisory jurisdiction. *State v. St. Cyre*, 23-0950 (La. App. 1 Cir. 11/20/23), 2023 WL 8016458. | SCR, Vol. 7, pp. 1-2. |
| Dec. 20, 2023 | The petitioner timely applies to the Louisiana Supreme Court, seeking further review of the ruling denying post-conviction relief. | SCR, Vol. 8, pp. 3-4, 5-19 |
| May 7, 2024 | The Louisiana Supreme Court denies relief, finding that the petitioner "fails to show lower court error" and "fails to satisfy his post-conviction burden of proof." *State v. St. Cyre*, 23-1686 (La. 5/07/24), 384 So.3d 342. | SCR, Vol. 8, pp. 1-2. |

---

\*   The petitioner obtained several extensions of time in which to supplement his application for post-conviction relief. See SCR, Vol. 6, pp. 63-82.

\*\*  The petitioner timely noticed his intent to seek supervisory review and obtained several extensions of time in which to seek supervisory review. SCR, Vol. 6, pp. 1167-1178.

TIMELINESS

The respondent respectfully submits that St. Cyre's habeas corpus petition is time-barred.

**1.    The one-year period of limitations commenced on August 24, 2020.**

A petitioner must file a habeas corpus petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] As is pertinent here, the judgment becomes final "when [the petitioner] has exhausted his state appeals and … the time for requesting certiorari has passed."[2]

In this case, the petitioner exhausted right to direct review in the state court system when the Louisiana Supreme Court denied writs on May 26, 2020 (SCR, Vol. 5, pg. 1). The petitioner had ninety days to seek writs of certiorari from the United States Supreme Court,[3] but did not do so. The judgment therefore became "final" ninety days after the denial of writs by the Louisiana Supreme Court on direct appeal—that is, on August 24, 2020.

Because the judgment became final on August 24, 2020, the petitioner had one year—until August 24, 2021—to apply for federal habeas corpus review unless that one year period was extended through tolling.

---

1   There are exceptions to this general rule, but none apply here.

2   Paredes v. Quarterman, 574 F.3d 281, 287 (5th Cir. 2009).

3   See 28 U.S.C. § 2101(d) ("The time for appeal or application for a writ of certiorari to review the judgment of a State court in a criminal case shall be as prescribed by rules of the Supreme Court."); SUP.CT. R. 13 (a petition is timely if filed within ninety days after entry of judgment).

### 2. The one-year period of limitations was tolled from August 20, 2021 until May 7, 2024.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "pending" from "the day it is filed through (and including) the day it is resolved."[4]

A review of the district court record shows that the petitioner filed an application for state post-conviction relief on August 20, 2021 (SCR, Vol. 6, pp. 46-62). This served to toll the period of limitations.

The application for post-conviction relief remained pending until the Louisiana Supreme Court ultimately denied relief on May 7, 2024 (SCR, Vol. 8, pp. 1-2). The tolling of the one-year period of limitations ceased when the application for post-conviction relief was resolved by the denial of writs on May 7, 2024.

### 3. The one-year period of limitations expired on May 13, 2024.

The petitioner expended three hundred sixty-one (361) days of the one-year period available to him prior to filing his application for post-conviction relief (from from August 24, 2020 until August 20, 2021). As a result, once the tolling of the period of limitations ceased on May 7, 2024, the petitioner had four (4) days remaining on his one-year habeas clock to apply for habeas corpus review.

The fourth day after May 7, 2024 was May 11, 2024. That day, however, was a Saturday. By operation of law, the period was extended "until the end of the next

---

4  Windland v. Quarterman, 578 F.3d 314, 315 (5th Cir. 2009).

day that is not a Saturday, Sunday, or legal holiday."[5]

The next day that was not a Saturday, Sunday, or legal holiday was Monday, May 13, 2024. Thus, in order for the petitioner's habeas corpus petition to be timely filed, it had to be filed on or before May 13, 2024.

**4. The habeas corpus petition was filed May 16, 2024.**

The instant habeas corpus petition was filed May 16, 2024 (Rec. Doc. 1).

It was not timely filed because May 16, 2024 is not or before May 13, 2024.

**5. The petitioner shows no basis for excusing his non-compliance with the period of limitations.**

Equitable tolling of the one-year period of limitations is warranted when petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[6] There is no basis for concluding that either of these things occurred in this case.

The one-year period of limitations may also be disregarded upon a showing of actual innocence.[7] The petitioner, however, has made no claim of actual innocence.

\* \* \*

Ronald St. Cyre's habeas corpus petition was filed May 16, 2024 (ECF Doc. 1). The period of limitations, however, expired on May 13, 2024 (§§ 1-3, above) and no exception to the period of limitations applies (§ 5, above). The habeas corpus petition is therefore untimely.

---

5  Fed.R.Civ.P. Rule 6(a)(1)(C).

6  Holland v. Florida, 560 U.S. 631 (2010) (citation omitted).

7  See McQuiggin v. Perkins, 569 U.S. 383 (2013).

## RESERVATION OF RIGHTS

The respondent, Marcus Myers, asserts that the petition of Ronald St. Cyre should be dismissed because his petition is untimely. Accordingly, the respondent does not address the issues of exhaustion, or procedural default, or the merits of the petitioner's claims. However, the respondent does not expressly waive any procedural objections or defenses and would respectfully reserve the right to submit additional documentation, procedural objections, defenses, and/or argument on the merits should this Court order additional briefing.

## CONCLUSION AND PRAYER

For the reasons explained above, the habeas corpus petition is untimely. Respondent therefore respectfully requests that this Court dismiss the instant petition with prejudice and otherwise deny relief.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
22nd Judicial District
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

CERTIFICATE OF SERVICE

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

This the 2nd day of July, 2024, at Covington, Louisiana.

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney