UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RONALD ST. CYRE,** | ) | **CIVIL ACTION** |
| *Petitioner*, | ) | **NO. 24-cv-1281** |
| | ) | |
| | ) | **JUDGE DARREL J. PAPILLION** |
| -VS- | ) | |
| | ) | **MAGISTRATE JUDGE** |
| **MARCUS MYERS,** | ) | **EVA J. DOSSIER** |
| Warden, | ) | |
| Correctional Center | ) | |
| *Respondent.* | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPLY MEMORANDUM TO THE STATE'S ANSWER

MAY IT PLEASE THE COURT:

COMES NOW, through undersigned counsel, Mr. Ronald St. Cyre, who respectfully files this Reply Memorandum in Response to the State's Answer and Memorandum in Opposition to Petitioner's Application for *Habeus Corpus* Relief ("Answer"). Mr. St. Cyre is now serving a thirty-year sentence for a nonviolent offense. Due to the unconstitutional enhancement of his sentence, Mr. St. Cyre is also not eligible to have his sentence reduced under Louisiana's diminution of sentence ("good-time") statute. In addition, Mr. St. Cyre is not eligible to have his sentence reduced for completing educational, job training or rehabilitation programming. He is essentially serving a flat-sentence, where his youngest child could be a college graduate by the time he completes his sentence.

In an effort to avoid repetition of Mr. St. Cyre's May 16, 2024 Petition for Relief under 28 U.S.C. § 2254, this pleading will not re-brief the issues already presented, but will

1

instead focus on responding to the argument raised by the State in its July 2, 2024 Answer. In turn, Mr. St. Cyre now files the following brief:

**I.     Timeliness of Mr. Cyre's Habeas Petition**

The State makes one argument in its Answer: Mr. St. Cyre's Habeas Petition should be dismissed because it is untimely, and equitable tolling should not extend the deadline for his filing. However, as demonstrated herein, equitable tolling should apply in Mr. Cyre's case, and this Court should permit his habeas petition, filed just three days late to be heard on the merits.

**A.     Legal Background on Equitable Tolling Principles**

A nonjurisdictional federal statute of limitations is generally subject to a rebuttable presumption in favor of equitable tolling. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 9-96 (1990). Indeed, the Supreme Court has affirmed that 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida,* 560 U.S. 631, 645 (2010). The petitioner must show (1) that they have been pursuing their rights diligently, and (2) That some extraordinary circumstance stood in their way and prevented timely filing. *Id.* at 649.

In *Holland,* the Court remanded the Petitioner's case to the Eleventh Circuit after determining that the conduct of the petitioner's counsel may well have constituted extraordinary circumstances. The Court noted that Mr. Holland's attorney had gone beyond what they characterized as "garden variety neglect" by repeatedly failing to timely file his habeas petition—despite letters from his client that "emphasized the importance of his doing so"; by not informing Mr. Holland of a state Supreme Court decision; and by failing altogether to communicate with his client at all over a period of years, despite repeated outreach and pleas for response. *Id.* at 652.

In developing the two prong test, the *Holland* Court also rejected an "overly rigid

*per se* approach" in favor of a fact dependent approach rooted in traditional equitable principles. *Holland*, 560 U.S. at 653. The Court further explained that equitable tolling is warranted where counsel's "failures seriously prejudiced a client who thereby lost what was likely his single opportunity for federal habeas review of the lawfulness of his imprisonment and of his death sentence." *Id.* at 652–53.

Equitable tolling is "a discretionary doctrine that turns on the facts and circumstances of a particular case . . . [and] does not lend itself to bright-line rules, but we draw on general principles to guide when equitable tolling is appropriate." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit carefully analyzed both prongs of the *Holland* test in *Jimenez v. Butcher*, 839 F. App'x 918 (5th Cir. 2021). Importantly, the Fifth Circuit started its analysis by insisting that because it was "reviewing the dismissal of Jimenez's first federal habeas petition, we must take care 'not to apply the statute of limitations too harshly.'" *Id.* at 919 (quoting *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019)).

In *Jimenez*, the Fifth Circuit determined that Mr. Jimenez displayed "reasonable" if not "maximum feasible" diligence in pursuing his rights. *Id.* at 919 (citing *Holland,* 560 U.S. at 653). Mr. Jimenez was in repeated contact with multiple post-conviction attorneys, and went so far as to obtain an affidavit from one attorney supporting an ineffective-assistance-of-counsel claim. *Id.* at 919. The Fifth Circuit also concluded that deceit by his attorneys constituted extraordinary circumstances; Mr. Jimenez's trial lawyer and original state postconviction lawyer "misled him into believing his state writ application…was being prepared for filing. It was not." *Id.* at 919-920.

3

B.   *Holland* Applied to Mr. St. Cyre's Case

The application of the *Holland* test to the facts and circumstances in Mr. St. Cyre's case favors a finding that equitable tolling should permit the brief extension of Mr. St. Cyre's habeas filing. As a preliminary matter, because this is Mr. St. Cyre's first (and likely only) habeas petition, this Court is required to "not to apply the statute of limitations too harshly." *Id*. at 919 (quoting *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019)). Further, both prongs of the *Holland* test are satisfied.

The first prong of the *Holland* test requires the petitioner to show (1) that they have been pursuing their rights diligently. *Holland*, 560 U.S. at 649.  Without a doubt, the state court record in this case exemplifies that Mr. St. Cyre has diligently been pursuing his post-conviction and habeas rights.  At every step of his post-conviction proceedings, undersigned counsel has presented significant evidence and legal reasoning as to why Mr. St. Cyre is entitled to collateral relief.  This position is further supported by Mr. St. Cyre's robust, 50 plus page, habeas petition, which outlines several reasons why his conviction was obtained unconstitutionally.  Despite being transferred to several Department of Corrections facilities, Mr. St. Cyre has always remained an engaged client. Like the petitioners in both *Jimenez* and *Holland,* he is in communication with undersigned counsel about his case.

The second prong in *Holland* is also met in this case. Extraordinary circumstances, certainly beyond Mr. St. Cyre's control, prevented him from filing timely.  At the time, that the Louisiana Supreme Court ruled on Mr. St. Cyre's writ application, undersigned counsel was in the middle of a challenging and contested divorce proceeding.[1]  She even referenced this divorce proceeding when requesting an extension to file an amended habeas petition.

---

[1] Undersigned counsel is prepared to file either under seal or in chambers some of the court filings and discovery requests that show the nature of her divorce proceeding.

4

*See* Rec. Doc. pp. 1-2. With the exception of one day-long evidentiary hearing on May 8, 2024 that required several days of preparation, counsel recalls that she had to request continuances for other matters around this time due to the significant disruptions caused by her divorce. When she learned about the Louisiana Supreme Court ruling, she immediately filed a habeas petition on May 16, 2024.

The circumstances here are not the "garden-type variety" neglect as discussed by the *Holland* Court. Rather, they present a unique set of facts that should permit equitable tolling to occur. Undersigned's inadvertent errors, caused by the unusual hardship she was experiencing, should not bar Mr. St. Cyre from having the merits of his claims heard. He has been diligently pursuing his rights, his petition was filed only three days late, and extraordinary circumstances explained herein support an application of equitable tolling in this case.

This is Mr. St. Cyre's last and only shot to have a federal court review the constitutional errors that occurred in his state criminal proceeding. If there is a case where equitable tolling should apply, it is this one.

## II. Conclusion

Mr. St. Cyre requests that this Honorable Court deny the State's request to have his habeas petition dismissed for being untimely. Alternatively, if this Honorable Court is unable to solve this matter on the pleadings, Mr. St. Cyre respectfully requests that this Court schedule an evidentiary hearing.

Respectfully submitted:

/x/ *Emily H. Posner*
Emily H. Posner #35284
4930 Washington Avenue
Suite D
New Orleans, Louisiana 70125
Email: ep@emilyposnerlaw.com