## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

RONALD ST. CYRE                          CIVIL ACTION

VERSUS                                   NO. 24-1281

MARCUS MYERS, WARDEN                     SECTION: "P"(3)

### <u>O R D E R</u>

Petitioner filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2254 on May 16, 2024,[1] as well as an amended petition on June 12, 2024.[2]  The state thereafter filed a response addressing only the timeliness of petitioner's federal application and specifically stating that it "does not expressly waive any procedural objections or defenses and would respectfully reserve the right to submit additional documentation, procedural objections, defenses, and/or argument on the merits should this Court order additional briefing."[3]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a statute of limitations for petitioners seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Under AEDPA, a petitioner is normally required to bring his § 2254 claims within one year of the date his state criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(a); s*ee Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). A state criminal judgment is not considered final under AEDPA until both the

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 11.
[3] Rec. Doc. 17.

conviction and the sentence are final. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007); *Scott v. Hubert*, 635 F.3d 659, 665-67 (5th Cir. 2011).

Further, a state criminal judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 244(d)(1)(a). The period for filing for certiorari with the Supreme Court is therefore considered in the finality determination under § 2244(d)(1)(a). *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

The pertinent facts with respect to the finality determination of petitioner's state criminal judgment are that (1) he was sentenced as a habitual offender on September 21, 2018,[4] (2) the Louisiana First Circuit Court of Appeal affirmed his conviction, habitual offender adjudication and sentence on December 19, 2019,[5] and (3) the Louisiana Supreme Court denied his related writ application for discretionary review on May 26, 2020.[6]

Based on the foregoing, the state argues petitioner's conviction became final on August 24, 2020, ninety days after the Louisiana Supreme Court denied writs.[7] The state also concedes that the federal limitations period was tolled during the pendency of petitioner's state post-conviction application.[8] *See* 28 U.S.C. § 2244(d)(2). The state then calculates that, once that statutory tolling is considered, petitioner had only until May 13, 2024 to file his federal petition.[9] Because petitioner's federal

---

[4] Rec. Doc. 16-1 at 39-40, Habitual Offender Hearing and Sentencing Minutes, 9/21/18.

[5] *State v. St. Cyre*, 292 So. 3d 88 (La. App. 1st Cir. 2019); Rec. Doc. 16-5 at 40-75.

[6] *State v. St. Cyre*, 296 So. 3d 1063 (La. 2020); Rec. Doc. 16-5 at 1.

[7] Rec. Doc. 17 at 6.

[8] *Id*. at 7.

[9] *Id*. at 7-8.

petition was not filed until May 16, 2024, the state argues that his petition should be dismissed as untimely.[10] Petitioner counters that his petition was filed "only three days late," and he is entitled to equitable tolling due to his counsel's "inadvertent errors" caused by counsel's divorce proceedings.[11]

The period for filing a petition for writ of certiorari with the United States Supreme Court is normally ninety days. *See* Sup. Ct. R. 13(1). Both parties fail to recognize however that, during the COVID-19 pandemic, the Supreme Court extended the deadline to file any petition for a writ of certiorari to one hundred and fifty days from a lower court's order denying discretionary review. *See Rules of the Supreme Court of the United States - Miscellaneous Order Addressing the Extension of Filing Deadlines*, 334 F.R.D. 801 (March 19, 2020) ("[T]he deadline to file any petition for a writ of certiorari due on or after the date of this order is extended to 150 days from the date of the lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing. *See* Rules 13.1 and 13.3."). That extension was in effect from March 19, 2020 to July 19, 2021, when the deadline to file a petition for writ of certiorari was returned to ninety days. *See Miscellaneous Order Rescinding COVID-19 Related Orders*, 338 F.R.D. 801 (July 19, 2021). The parties' calculation of the date on which petitioner's conviction became final for purposes of § 2244(d)(1)(A) failed to apply the extended certiorari deadline.

The Court therefore finds that is necessary for the state to supplement its answer.

---

[10] *Id*. at 8.
[11] Rec. Doc. 20.

Accordingly,

**IT IS ORDERED** that, within **thirty (30) days** from the date of this order, the state file with this Court a supplemental response in which it (1) clarifies its argument regarding the timeliness of petitioner's federal application, (2) raises any other procedural objections which are applicable, and (3) addresses the merits of each of petitioner's claims for relief.

**IT IS FURTHER ORDERED** that petitioner may file a sur-reply memorandum within thirty (30) days after the filing of the supplemental response by the state.

New Orleans, Louisiana, this 5th day of September, 2024.

_____
**EVA. J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**